RODRÍGUEZ, APPELLANT, v. REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Judicial Sale.

No. 597.—Decided December 8, 1924.

RECORD OF TITLE—JUDICIAL SALE—JURISDICTION.—In order that a judicial sale
made to satisfy a default judgment rendered by a municipal court may be
admissible to record the jurisdiction of the court must appear from the deed
or in some other manner.

ID.—ID.—PREVIOUS RECORD—HEIRS.—If the property sold was recorded in the
name of the ancestor and the action is brought against his heirs to recover
interest due and unpaid by them, the property should first be recorded in
their names in order that the conveyance to the plaintiff creditor may be
recorded.

The facts are stated in the opinion.

*Mr. J. E. Díaz* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

There was presented for record in the Registry of Prop-
erty of Arecibo a deed of judicial sale executed on March
5, 1924, by Juan Vélez, marshal of the Municipal Court of
Ciales, in the name of the heirs of Salvador González, de-
fendants in an action of debt, in favor of Faustino Rodrí-
guez, and the registrar refused to record it for the follow-
ing reasons: (1) Because the property was not recorded in
the names of the defendants; (2) because it was not a
case of a vacant inheritance; (3) because the defendants
did not sell the property voluntarily in performance of an
obligation contracted by their ancestor or show that they
were his heirs; (4) because no foreclosure proceeding was
brought; (5) because a part of the debt sued for should
have been paid by the defendants; (6) because it was not
shown that the municipal court had jurisdiction of the de-
fendants, and (7) because the endorsement of the writ of
execution by the marshal of Manatí did not give authority
to the marshal of Ciales.

The deed contains only a superficial description of an

action brought in a municipal court to recover $80 interest due on a mortgage loan contracted by the ancestor of the defendants. It is stated that a default judgment was entered therein. Neither the summons nor the judgment was copied into the deed or exhibited with it.

It is also stated in the deed that after the default judgment had been entered "a writ for its execution was issued by the clerk of the Municipal Court of Manatí and the writ was endorsed to the party of the first part for execution for the reason that the property was situated in that municipality." On this showing and the further statement in the deed that the property was sold at public auction to Faustino Rodríguez it was sought to have the conveyance recorded in the registry.

It does not appear, therefore, in an authentic manner that the court acquired jurisdiction of the defendants, and it can not be determined whether the endorsement was valid. What is said concerning it in the deed leads rather to the conclusion that it was void, if application be made of the jurisprudence laid down in the case of Solá v. Castro et al., 32 P.R.R. 740.

Even if the sale was lawfully made the registrar's refusal to record it would have to be sustained for the reason that the property was recorded in the name of Salvador González and the action was brought against his heirs to recover the interest due and unpaid by the said heirs; therefore the property should first be recorded in their names in order to record the conveyance to Faustino Rodríguez. The registry should show who are the heirs so that it may appear that the conveyance was made by the persons having the right to convey. It is not a case of a vacant inheritance or of foreclosure. The cases of Coy v. Registrar, 22 P.R.R. 403, and Ortiz v. Registrar, 23 P.R.R. 652, cited by the appellant, are not in point. The situation in those cases are distinct from that of this case.

The decision appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.